# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMBASSADOR STEEL FABRICATION LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CG SCHMIDT INC., TRAVELERS CASUALTY AND INDEMNITY COMPANY OF AMERICA, and GILBANE BUILDING COMPANY,<br><br>      Defendants. | Case No. 16-CV-1524-JPS<br><br><br><br>**ORDER** |

  On April 24, 2017, the parties filed a stipulation for entry of a protective order. (Docket #22). The parties request that the Court enter a protective order so that they may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

  The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945).

The parties have requested the protective order in this case in good faith. This action involves a commercial dispute over the provision of building materials. (Docket #22 at 1). The parties anticipate exchanging sensitive information regarding their business practices, bidding policies, and other information providing them a competitive advantage. *Id*. The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r,*

*L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph I(C)(2). Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. *See supra* Paragraph I(D).

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

**IT IS ORDERED** that based on the parties' stipulation, (Docket #22), and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, deposition testimony, and the inadvertent production of privileged material.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c), Civil L. R. 26(e), and Federal Rule of Evidence 502:

I.   CONFIDENTIALITY OF DOCUMENTS

(A)   DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1)   One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain private, sensitive, proprietary, and/or confidential documents and information, including deposition testimony, recordings, and transcripts, in possession of the parties, including, but not limited to, customer names, customer account information, financial information, trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information that the parties would like to keep from being made public and/or accessible to third parties.

(2)   One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain private, sensitive, proprietary, and/or confidential documents and information, including deposition testimony, recordings, and transcripts, in possession of the parties, including, but not limited to, customer names, customer account information, financial information, trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken, or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality,

if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION. Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the

conduct of the litigation in which the information was disclosed

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or

third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(C) MAINTENANCE OF CONFIDENTIALITY. Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2) To the extent that any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is filed with the Court, or is substantively incorporated in any papers to be filed with the court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION. A party or interested member of the public may challenge the designation of

confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party or person prevailing on any such motion actual attorney's fees and costs attributable to the motion.

(E) CONCLUSION OF LITIGATION. At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

II. CLAWBACK PROTOCOL

(A) NON-WAIVER BY PRODUCTION. Production of documents and electronically stored information ("ESI") in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply.

(B) TIME FOR ASSERTING PRIVILEGE AND PROTECTION. A producing party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection, except that:

> (1) Affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(2) Upon use in the case by another of ESI or a document that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

(C) DISPUTING CLAIMS OF PRIVILEGE/PROTECTION OVER PRODUCED DOCUMENTS. Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party shall:

(1) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Court; and

(2) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion pursuant to Part I(D).

Dated at Milwaukee, Wisconsin, this 8th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge